UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN C. GRANT,

        Plaintiff,

v.

                                Case No.: 24-11950
                                Hon. Gershwin A. Drain

MISSION POINT OF WOODWARD
LLC, *et al.*,

        Defendants.

_____/

**<u>OPINION AND ORDER GRANTING APPLICATION TO PROCEED
IN FORMA PAUPERIS [#2] AND SUMMARILY DISMISSING ACTION</u>**

**I.     INTRODUCTION**

Plaintiff Steven C. Grant, proceeding *pro se*, filed the instant action against his former employer Mission Point of Woodward LLC ("Mission Point") and several employees of Mission Point alleging claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act. Plaintiff has filed an application to proceed in forma pauperis. *See* ECF No. 2. Upon reviewing the application, the court is persuaded that Plaintiff is unable to pay the fees associated with the filing of his complaint. Plaintiff's application to proceed without the prepayment of fees, or *in forma pauperis* is hereby GRANTED. *See* 28 U.S.C. § 1915(a)(1).

## II.   FACTUAL BACKGROUND

Plaintiff was employed as a Certified Nursing Assistant at Mission Point. He alleges that a co-worker, Defendant Darby Paige, harassed and verbally abused him. Defendant Paige purportedly told the Plaintiff he is an "old cripple" and incompetent to work at Mission Point. He further alleges that the Director of Nursing, Defendant Kynette Windham, failed to take proper action against Defendant Paige, as well as manipulated a resident to make a false charge of abuse against Plaintiff resulting in his termination. Finally, he claims Defendant Chanta Smith, the Human Resources Manager at Mission Point, never provided him with any due process prior to terminating him.

## III.   LAW & ANALYSIS

Under 28 U.S.C. § 1915(e)(2)(B), this Court must dismiss a complaint before service on a defendant if it is satisfied that the action is frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L.Ed. 2d 338 (1989).

Liberally construing the Amended Complaint, the Court finds that Plaintiff has failed to state viable federal claims. As to Plaintiff's Title VII claim, it is well

settled that "[t]he language of [Title VII] does not include age or disability claims." *Clark v. City of Dublin, Ohio*, 178 F. App'x 522, 524 (6th Cir. 2006). Thus, "[c]ourts have explicitly held that Title VII does not cover age or disability discrimination claims." *Id.*; *see also Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 465 n.4 (1982). Here, Plaintiff's claims appear to involve only allegations of age, which is not a protected category under Title VII. Therefore, this claim is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B).

Next, a viable disability discrimination claim under the ADA requires that Plaintiff allege, among other things, that he was disabled within the meaning of the ADA. *See Capobianco v. City of New York*, 422 F.3d 47, 56 (2d Cir. 2005). A person has a disability under the ADA if he has an actual "physical or mental impairment that substantially limits one or more major life activities," or if he is "regarded as having such an impairment" or there otherwise is a "record of such impairment." 42 U.S.C. § 12102(1). Here, Plaintiff fails to allege that he suffers from a physical or mental impairment that substantially limits a major life activity. Thus, Plaintiff's ADA claim is also subject to dismissal under 28 U.S.C. § 1915(e)(2)(B).

Finally, Plaintiff's ADEA claim is also subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). The Age Discrimination in Employment Act makes it unlawful for an employer to discharge or discriminate against an individual "with respect to his

3

compensation, terms, conditions, or privileges of employment" because of his age. 29 U.S.C. § 623(a)(1).  A plaintiff can prove discrimination under the ADEA either through direct or circumstantial evidence. *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003).  Direct evidence is that which, "if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 926 (6th Cir. 1999).  Circumstantial evidence is "proof that does not on its face establish discriminatory animus but does allow a factfinder to draw a reasonable inference that discrimination occurred." *Wexler*, 317 F.3d at 570. Whether using direct or circumstantial evidence, the burden of persuasion remains on the plaintiff to demonstrate that age was the "but-for" cause of his employer's adverse action. *Geiger v. Tower Auto.*, 579 F.3d 614, 620 (6th Cir. 2009) (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 178 n.4 (2009)).  Proof through circumstantial evidence requires the plaintiff to first make a showing of prima facie discrimination.  *See Geiger*, 579 F.3d at 622.

To prove prima facie discrimination under the ADEA, the plaintiff must show:
1. that he is at least 40 years old,
2. that he was subject to an adverse employment decision,
3. that he was qualified for the position that he held, and

4

4. that he was replaced by a "significantly younger person" or treated differently than similarly situated individuals.

*See House v. Rexam Beverage Can Co.*, 630 F. App'x 461, 462 (6th Cir. 2015); *Grosjean v. First Energy Corp.*, 349 F.3d 332, 335 (6th Cir. 2003). Plaintiff's allegations do not specify that he is over forty years old. Nor do they allege that a significantly younger person replaced him or that he was treated differently than similarly situated employees.

## IV.   CONCLUSION

Accordingly, for the reasons articulated above, Plaintiff's application to proceed *in forma pauperis* [#2] is GRANTED.

This cause of action is SUMMARILY DISMISSED under 28 U.S.C. § 1915(e)(2)(B).

SO ORDERED.

Dated: August 14, 2024                                /s/Gershwin A. Drain
                                                                    GERSHWIN A. DRAIN
                                                                    United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and Steven C. Grant, 49 Farrand Park, Highland Park, MI 48203, on August 14, 2024, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager